No. 00-184

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 151N

IN RE THE MARRIAGE OF

DAWN LEONA BROADBENT,

Petitioner and Respondent,

v.

RONALD LESLIE BROADBENT,

Respondent and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark D. Parker, Casey Heitz, Parker Law Firm, Billings, Montana

For Respondent:

Linda Harris, Harris Law Firm, P.C., Billings, Montana

---

Submitted on Briefs: May 17, 2001

Decided: August 9, 2001

Filed:

---

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal

Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶Ronald Broadbent appeals from the Order and Memorandum issued by the Thirteenth Judicial District Court, Yellowstone County, denying his motion to alter or amend. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

3. ¶Ron raises the following issues in his appeal:

4. ¶1. Whether the District Court abused its discretion by deciding the parenting schedule prior to Ron's presentation of evidence?

5. ¶2. Whether the District Court erred by issuing inconsistent child custody schedules?

6. ¶3. Whether the District Court erred when it denied Ron a dependency exemption?

## BACKGROUND

1. ¶Dawn and Ron Broadbent were married on December 17, 1994, in Billings, Montana. The parties had one child, Kyle, who was born on February 8, 1996. On April 8, 1998, Dawn filed a Petition for Dissolution. The District Court held a non-jury trial on December 3, 1998, and issued its Findings of Fact and Conclusions of Law, which included a Final Parenting Plan, on December 14, 1998. The court entered a Final Decree of Dissolution of Marriage on November 12, 1999.

2. ¶On December 7, 1999, Ron filed a motion to alter or amend seeking modification of the parenting arrangement of the parties and related child support provisions. In a supporting affidavit, Ron averred that he had modified his work schedule to account for the District Court's concerns regarding his lack of sleep during certain visitation periods, that he had custody of Kyle for over 50% of the time, and that an informal custodial arrangement reached by the parties differed from that ordered by the court. Dawn responded that the informal custodial arrangement reached by the parties was actually the product of a unilateral decision by Ron to take every other Thursday off and to assume custody of Kyle on those days. The District Court issued an order on January 25, 2000, denying Ron's motion to alter or amend. The court determined that Ron's motion was really a motion to alter or amend the Final Parenting Plan and, as such, must be pursued pursuant to the alternative dispute resolution provision of the plan.

3. ¶On January 31, 2000, Dawn filed a motion for order enforcing the parenting plan

and motion for contempt for Ron's failure to follow the custodial schedule established in the Final Parenting Plan issued on December 14, 1998. The court held a show cause hearing on Dawn's motions on February 24, 2000, at which time the parties stipulated that they would comply with the terms of the Final Parenting Plan. Ron appeals from the District Court's denial of his motion to alter or amend and all other judgments and orders contained therein. Dawn has not filed a responsive brief.

## STANDARD OF REVIEW

1. ¶Our standard of review for a district court's award of child custody is whether the district court's findings are clearly erroneous. When the findings are supported by substantial credible evidence, we will affirm the district court's decision unless a clear abuse of discretion is shown. *In re Marriage of Baer*, 1998 MT 29, ¶ 18, 287 Mont. 322, ¶ 18, 954 P.2d 1125, ¶ 18.

## ISSUE ONE

1. ¶Whether the District Court abused its discretion by deciding the parenting schedule prior to Ron's presentation of evidence?
2. ¶At the end of Dawn's presentation of her case on her petition for dissolution, during Dawn's counsel's redirect examination of Dawn, the following exchange occurred:

Q. If I understand [Ron's] testimony, he says he sleeps four or five hours on Sunday between his shift. He then is prepared to go in excess of 24 hours?

A. Yes.

Q. Do you think it's in Kyle's best interests?

A. No.

The Court: You don't have to go any further. I have made up [my] mind on the parenting

plan, so-- I shouldn't say I have made up my mind. I have a good inclination.

1. ¶Ron insists that the District Court's statement, prior to hearing the presentation of his case, demonstrates that the court acted arbitrarily and showed a lack of concern for Ron's parenting rights. Ron requests that we grant him a new trial in order to allow him to present all relevant evidence to the court.

2. ¶The District Court's statement, without more, is not sufficient evidence that the court's final parenting plan was arbitrary. Significantly, the court's statement was made after Ron had already testified concerning parenting issues in Dawn's case in chief. Furthermore, Ron has not pointed us to any evidence which the court arbitrarily ignored when it determined a child custody schedule. In fact, it appears that the court attempted to account for the relevant evidence, namely Ron's work schedule, in establishing a final parenting plan. The court found that Ron's work schedule required him to work Sunday night until Monday morning and accordingly provided that Kyle should be with Dawn Monday evening and night to allow Ron to rest and to provide the best possible environment for Kyle.

## ISSUE TWO

1. ¶Whether the District Court erred by issuing inconsistent child custody schedules?

2. ¶Ron observes that the District Court issued two inconsistent custody schedules. In its Final Parenting Plan, adopted pursuant to its Findings of Fact and Conclusions of Law issued on December 14, 1998, the District Court provided that Ron have custody of Kyle on Mondays from 7:00 a.m. until 4:30 p.m., Tuesday mornings through Thursday afternoons, and Friday mornings from 7:00 a.m. until 12:30 p.m. However, in its Final Decree of Dissolution of Marriage issued on November 12, 1999, the court provided that Ron have custody of Kyle on Mondays at 7:00 a.m. until Wednesday afternoons, and Thursdays and Fridays from 7:00 a.m. to 12:30 p.m. Ron contends that these inconsistent orders require us to remand the matter back to the District Court for a new trial. We disagree that a new trial is necessary.

3. ¶There seems to be no explanation for the difference between the District Court's differing custody schedules. The record does not contain evidence of any hearings held or pleadings filed between the District Court's issuance of its Final Parenting Plan on December 15, 1998, and the court's issuance of its Final Decree of Dissolution of Marriage on November 12, 1999. However, we note that the parties have stipulated below after the Decree was entered that they would comply with the

provisions of the Final Parenting Plan. This stipulation was further made the subject of an order entered by the court on March 10, 2000. Accordingly, the inconsistency between the two custody schedules appears for all intents and purposes to be a non-issue.

4. ¶However, we remand this matter to the District Court for an opportunity to clarify the reason for the inconsistency between the two custody schedules. If the court determines that the Final Parenting Plan does not contain the correct custody schedule, the court shall provide the parties with an opportunity to respond. If the Final Parenting Plan does indeed contain the correct custody schedule, and Ron disagrees with that schedule, then Ron must first seek to resolve any problems he has with that custody schedule pursuant to the alternative dispute resolution provision of the Final Parenting Plan.

## ISSUE THREE

1. ¶Whether the District Court erred when it denied Ron a dependency exemption?
2. ¶The District Court provided in its Final Parenting Plan:

Solely for the purpose of all other state and federal statutes which require a designation or determination of custody, [Dawn] should be designated the parent with whom the child is scheduled to reside a majority of time as a custodian of the child. However, this designation should not effect [sic] either parent's rights and responsibilities under this parenting plan. In absence of such designation, the parent with whom the child is scheduled to reside the majority of the time should be deemed to be the custodian of the child solely for the purposes of such federal and state statutes. Such designation should change from time to time between the parties as ordered by the Court.

1. ¶Ron contends that the District Court mistakenly designated Dawn as the parent to receive the designation and should have alternated the designation between the parents based upon the nearly 50-50 custody split concerning Kyle.
2. ¶Ron's contention of error appears to be based solely on the court's inconsistent orders concerning child custody. Once again, we remand to the District Court for an opportunity to clarify the reason for the inconsistency between the two custody schedules. If the District Court determines that the Final Parenting Plan does not contain the correct custody schedule, the court shall provide the parties with an opportunity to respond on the issue of the dependency designation.

3. ¶Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART